NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2013[*]
Decided November 4, 2013
Amended November 5, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-1467

| | |
|---|---|
| TARA GIOSTA, et al., *Plaintiffs-Appellants,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-1392 |
| MIDLAND SCHOOL DISTRICT 7, et al., *Defendants-Appellees.* | Joe Billy McDade, *Judge.* |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Terry and Gloria Giosta, with their daughter, whom both parties refer to as T.G. (a minor when the case began), appeal the entry of summary judgment against them in their claim for attorneys' fees as a prevailing party under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(2). Because the Giostas prevailed only on minor items at the earlier proceedings, we uphold the district court's denial of attorneys' fees and affirm.

T.G.'s parents filed an administrative complaint, alleging that T.G.'s school, Midland High School in Varna, Illinois, failed to provide her with a free, appropriate public education for seventh through ninth grades (from 2006 to 2008). *See* 20 U.S.C. § 1412(a)(1). At Midland, T.G. (who had been assessed as mentally impaired with severe language deficits) received special education. The complaint charged, among other inadequacies, that the individualized education plan the school developed for T.G. was deficient (lacking research-based instructional programs and occupational therapy) and that the school had not fully implemented T.G.'s plan (by neglecting to record lectures and allow T.G. access to computers for writing assignments). The parents requested findings in their favor on those issues, as well as compensatory education including speech and occupational therapy, independent educational evaluations at public expense, and a minimum of $10,000 worth of assistive technology devices (to help T.G. communicate).

After receiving evidence and conducting a hearing, an independent hearing officer (appointed by the Illinois State Board of Education) concluded that the school "largely succeeded" in providing T.G. with an appropriate education, and denied the majority of T.G.'s parents' requests. The hearing officer did find, however, that during T.G.'s ninth grade the school failed to determine appropriate goals to address her reading and writing deficits or to administer an appropriate vocational evaluation, and accordingly ordered additional reading and writing instruction (three hours per week) and a new vocational evaluation.

T.G. and her parents sought review of the hearing officer's decision in the district court, *see* 20 U.S.C. § 1415(i)(2)(A), primarily asserting that the hearing officer "ignored substantial evidence" and ordered an "arbitrary and unexplained" amount of additional services. They also asked for attorneys' fees, because, they asserted, they were a prevailing party at the hearing. *See id.* § 1415(i)(3)(B).

The district court granted the school's motion for summary judgment, concluding that the hearing officer's decision was supported by substantial evidence. The court

acknowledged that the plaintiffs were technically prevailing parties but declined to award attorneys' fees because their success was merely "de minimis." *See Farrar v. Hobby*, 506 U.S. 103 (1992). According to the court, the goals that the parents set but failed to achieve were ambitious: findings that T.G.'s education plans were both inadequate and improperly implemented for all three years as well as an award of thousands of dollars of evaluations and assistive technology devices, among other requests.

On appeal T.G. and her parents challenge the district court's application of *Farrar* (which, they urge, does not concern the IDEA) and ruling that their victories in the administrative proceeding were de minimis. But *Farrar* does correlate the size of fee awards with the degree of success obtained; for minor successes the appropriate award is zero. 506 U.S. at 114; *see also, e.g.*, *Linda T. ex rel. William A. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 708 (7th Cir. 2005) (IDEA case applying *Farrar*); *Monticello Sch. Dist. No. 25 v. George L. ex rel. Brock L.*, 102 F.3d 895, 907 (7th Cir. 1996) (same). And we agree with the district court's application of *Farrar* here. Though T.G.'s parents charged that Midland failed to give T.G. an appropriate education, the hearing officer found that the school "largely succeeded."

T.G. and her parents also appear concerned that T.G. purportedly did not receive notice that special-education rights would transfer from her parents to her when she turned 18 (in 2010). *See* 20 U.S.C. § 1415(m); 105 ILCS 5/14-6.10(b). But they do not explain how this argument relates to the education T.G. received from 2006 to 2008 or why they did not raise the issue in the district court. Arguments made for the first time on appeal are waived. *See, e.g.*, *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 918 (7th Cir. 2013).

AFFIRMED.